# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1069 | **DATE** | 3/12/13 |
| **CASE TITLE** | Eugene Ross, et al. vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

The complaint is dismissed without prejudice to plaintiff Eugene Ross submitting an amended complaint on his own behalf or all the plaintiffs signing an amended complaint that resolves the issues stated herein and satisfies the filing fee requirement for each plaintiff. Plaintiff Ross or all plaintiffs are given 30 days from the date of this order to comply. If the Court receives no amended complaint in accordance with this order, along with resolution of the filing fee requirement, the Court will summarily dismiss this case or any noncomplying plaintiff. The Court defers ruling on the completed *in forma pauperis* applications until after it is clear who the plaintiffs are in this case. Any incomplete *in forma pauperis* application will be denied. The motions for a preliminary injunction [16, 17] are denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

  Plaintiffs, 20 inmates at the Stateville Correctional Center, have submitted a civil rights complaint under 42 U.S.C. § 1983 about conditions at the prison. The complaint appears to be written by inmate Eugene Ross and seeks to bring a class action on behalf of the 20 named plaintiffs, as well as similarly situated Stateville inmates.

  Naming as defendants Stateville's current warden Michael Lemke, former warden Marcus Hardy, Governor Pat Quinn, Illinois Department of Corrections Director Salvador Godinez, and Wexford Health Sources, plaintiffs assert that a variety of adverse conditions exist at Stateville. Those conditions include: the prison's water is contaminated; windows in cell houses are broken and allow cold air in during winter; there is a lack of ventilation; lights are kept on 24 hours a day, preventing sleep; cells are dirty and inmates have inadequate access to cleaning materials; the prison food contains too much soy; inmates are not provided season-appropriate clothing; mattresses are old and inmates have been unable to receive new ones each year as stated in the prison rules; requests for medical care take anywhere from three weeks to three months for an appointment; the prison is overcrowded and understaffed; inmates are mismatched for being celled together; showers have mold, clogged drains, and insufficient hot water; there is an infestation of pests; and inmates are sometimes sent back to their cells for not wearing IDs on their clothes.

  Despite the complaint stating that this case is being brought as a class action, no motion to certify a class has been filed. Furthermore, courts have routinely held that inmates proceeding *pro se*, such as the plaintiffs in this case, cannot serve as a class representative. *Lee v. Gardinez*, No. 11-570-GPM, 2012 WL 143612 at *1, n.1 (S.D. Ill. Jan. 18, 2012) (Murphy, J.) ("[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action") (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D. N.J. 1992)). To the extent plaintiffs seek certification of a class, such a request is denied. The Court will address the complaint as one jointly filed by multiple plaintiffs.

# STATEMENT

Although Fed. R. Civ. P. 20(a) permits co-plaintiffs to bring a jointly filed complaint, the Prison Litigation Reform Act holds each plaintiff responsible for payment of a full filing fee, which is $350. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). Accordingly, each inmate who seeks to be a part of this suit must either pre-pay the $350 filing fee or submit a completed *in forma pauperis* ("IFP") application to pay the fee with monthly deductions from each inmate's account until each inmate's $350 fee is paid. *Id.* The Court has received IFP information from only 10 of the plaintiffs, and several of the applications are incomplete, consisting of only trust fund account information and/or a certificate from an authorized officer. Each IFP application must be on this Court's form and must be complete. *See* Local Rule 3.3 (N.D. Ill.).

Pursuant to *Boriboune, supra*, 391 F.3d at 856, the plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiffs' claims; therefore, if one plaintiff is assessed a strike, co-plaintiffs will be assessed a strike as well. *Id.* Complaints about prison-wide practices do not require more than one plaintiff; furthermore, complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee. *Id.* Each co-plaintiff may thus advise the Court that he wishes not to proceed with this suit or not join in the amended complaint. *Id.* The Court further notes that multi-plaintiff suits, particularly one such as this where the plaintiffs may not all remain at the same location during the proceedings, may pose problems with the litigation of this case. For example, all plaintiffs are required to sign each pleading being jointly filed. Given that one plaintiff, perhaps inmate Eugene Ross, may assert the same claims about prison-wide conditions, the Court recommends that only one plaintiff proceed with this case, even though Rule 20 may allow for multiple plaintiffs so long as the requirements of the PLRA are met.

With respect to the complaint, this Court cannot conduct a preliminary review under 28 U.S.C. § 1915A due to multiple pleading deficiencies.

First, none of the inmate plaintiffs have signed the complaint. Fed. R. Civ. P. 11(a) requires a party not represented by an attorney to sign each pleading he or she files. Without a signature from each plaintiff on the complaint, as well as signatures on future pleadings, the Court is unable to determine if each plaintiff joins in the complaint or pleading.

Second, although the complaint eventually separates and numbers its claims, much of the complaint is one long paragraph joining several different conditions. Courts liberally construe pleadings filed by *pro se* litigants; nonetheless, the plaintiffs must, as best as possible, state their claims in "numbered paragraphs, each limited as far as practical to a single set of circumstances." Fed. R. Civ. P. 10(b). Such organization would assist with providing sufficient information to each defendant as to the claims being alleged against him.

Third, the notice pleading requirement of Fed. R. Civ. P. 8(a)(2) requires that every complaint provide each defendant with notice of the claims being asserted against him or her and the grounds upon which the claims are based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint lists five supervisory officials as defendants; however, it makes only broad allegations that they denied inmates basic necessities without stating how each one was involved or is liable for the alleged claims. The Seventh Circuit has disapproved the notion that "everyone who knows about a prisoner's problem must pay damages" and has held that naming the Governor, as well as other public officials, simply because letters were sent to him is improper. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (noting that the premise that "any public employee who knows (or should know) about a wrong must do something to fix it" is incorrect and evades the tenet that § 1983 is based on tort law and personal responsibility). The plaintiffs must provide information as to how each defendant was involved.

## STATEMENT

As to the motions for a preliminary injunction to compel the defendants to fix each of the adverse conditions listed in the complaint, the motions are denied. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007), quoting *FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party meets these requirements, a court must then balance the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622, citing *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

Issuance of a preliminary injunction is not warranted in this case. One of the preliminary injunction motions, though listing the actions it seeks, does little more than request this Court to compel defendants to fix the various alleged problems listed above. (*See* R. 16, Motion for Preliminary Injunction at 3.) The other motion simply restates or rephrases the conditions stated in the complaint. (R. 17). Although injunctive relief may ultimately result in this case, courts have held that damages are an adequate remedy of law for prison conditions, such that a preliminary injunction is unnecessary. *See Vinning v. Hulick*, No. 08-cv-405, 2010 WL 1415994, *6 (S.D. Ill. Jan. 20, 2010) (Wilkerson, M.J.); *Flakes v. Cullen*, 683 F. Supp. 700, 701 (E.D. Wis. 1988).

Additionally, the purpose of a preliminary injunction – preserving the *status quo* pending a more considered decision on the merits – would not be served by issuing the blanket injunction the plaintiffs seek. *Indiana Civil Liberties Union*, 259 F.3d at 770. The current case is clearly one where the determination whether injunctive relief is warranted cannot be made until after a full consideration of the merits of the claims. "Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state ... how to run its prison system." *Scarver v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (quoting *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir.1985)); *see also Sandin v. Conner*, 515 U.S. 472, 482-83 (1995) (courts must be careful with its involvement in the day-to-day management of prisons).

Lastly, this Court recently denied a similar preliminary injunction motion filed by one of the plaintiffs of this case, Nedric Hardy. *See Hardy v. Quinn*, No. 12 C 6033 (N.D. Ill.) (Order of 2/7/13). In light of the above-stated reasons, the motions for preliminary injunctive relief are denied.

In conclusion, the current complaint is dismissed without prejudice to plaintiff Eugene Ross submitting a complaint on his own behalf or all the plaintiffs signing an amended complaint that resolves the issues stated herein. Additionally, an amended complaint cannot proceed, if filed for multiple plaintiffs, until the filing fee requirement for each plaintiff is satisfied. Plaintiffs are given 30 days from the date of this order to comply. Their failure to do so will result in summary dismissal of this case or the dismissal of any noncomplying co-plaintiff. The Court defers ruling on the completed *in forma pauperis* applications until after it is clear who the plaintiffs are in this case. Any incomplete *in forma pauperis* application will be denied.

Finally, plaintiffs are reminded that: (1) they must provide the Court with the original plus a judge's copy of every document filed; (2) they must provide a judge's copy of the amended complaint, as well as a service copy for each defendant; and (3) every document submitted to the Court (except for the inmates' respective *in forma pauperis* petitions) must be signed by all co-plaintiffs.