Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1069 | **DATE** | 5/24/13 |
| **CASE TITLE** | Eugene Ross, et al. vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

The 12 amended complaints [##22, 24, 26, 28, 30, 34, 36, 38, 40, 42, 44, 46] and the *in forma pauperis* ("IFP") applications, except Eugene Ross', [##25, 27, 29, 31, 33, 34, 35, 37, 39, 43, 45], as well as the IFP applications and trust account statements previously submitted [##3, 6, 7, 8, 9, 10, 12, 15] are stricken. All Plaintiffs, except Eugene Ross, are dismissed. The instant case will not proceed with 12 separate complaints for 12 different Plaintiffs. Ross is given leave to submit an amended complaint in this case with this case's number (13 C 1069). His amended complaint should list only himself as Plaintiff and should assert allegations that relate only to him. He is given 30 days to comply. The Court grants Ross' IFP application [#41]. The trust officer at Stateville shall deduct $14.80 from Ross' trust account as initial payment and shall continue making deductions in accordance with this order until the filing fee is paid. The Clerk shall mail a copy of this order to the trust fund officer at Stateville.

■[ For further details see text below.]                                                          Docketing to mail notices.

# STATEMENT

Plaintiffs, 20 inmates at the Stateville Correctional Center, initiated this civil rights suit in February 2013 alleging a number of adverse prison conditions (contaminated water, pest infestation, insufficient cleaning supplies, inadequate medical care, overcrowding, too much soy in food, too little ventilation, and exposure to bright lights 24 hours a day are some of the alleged conditions). Not every Plaintiff listed on the complaint had signed it; nor did every Plaintiff address the filing fee issue by either pre-paying the fee or submitting a completed *in forma pauperis* application to pay it with monthly deductions from his prison trust account. Because it was unclear whether all 20 inmates intended to be joined in the suit and because there were several technical problems with the complaint, the Court dismissed the complaint without prejudice. The Court noted that the inmates could join in one suit under Fed. R. Civ. P. 20, but that each Plaintiff should consider submitting a separate complaint. The Court directed either (1) that the Plaintiffs jointly submit an amended complaint, with each one signing it and each one filing a completed IFP application or pre-paying the filing fee or (2) that each Plaintiff submit a separate complaint and IFP application. The lead Plaintiff, Eugene Ross, was allowed to file an amended complaint to proceed with this case. The Plaintiffs have responded with a hybrid of these alternatives.

The Court has received 12 virtually identical amended complaints from 12 of the original 20 Plaintiffs. Each amended complaint contains this case number (13 C 1069), lists the 12 inmates as Plaintiffs, lists the same five Defendants, asserts the same allegations, but is signed by only one Plaintiff. Apart from the signatures and some complaints including a copy of a grievance the inmate filed, the complaints are identical. Each of the 12 inmates has submitted an IFP application.

Although the amended complaints address some of the issues stated in the Court's March 12, 2013, order (they now have numbered paragraphs and more clearly state how each Defendant is allegedly responsible), the complaints should be brought as separate suits, which was the Court's intention if each Plaintiff submitted a separate

| STATEMENT |
|---|

complaint. This case cannot proceed with 12 separate complaints; nor can the 12 Plaintiffs proceed in the same case. Several allegations in the amended complaints appear to apply to their drafter but not all the other Plaintiffs (according to the amended complaints, each Plaintiff suffered the exact same ailments of back pain, diarrhea, nausea, a cold, and a flu from the various prison conditions). Also, one amended complaint has as an exhibit a grievance filed by another Plaintiff. Furthermore, the potential for problems with multiple inmate Plaintiffs in one suit continues to exist as motions and other pleadings would require a signature from each one; some Plaintiffs may be transferred to different locations; each Plaintiff may have different injuries (even though they currently contend to have the same ones); and certain defenses, such as whether each Plaintiff exhausted each claim, may apply differently to each inmate.

As opposed to filing 12 amended complaints in the same suit, each complaint must be filed as separate new suit.

Accordingly, the 12 amended complaints [##22, 24, 26, 28, 30, 34, 36, 38, 40, 42, 44, 46] and the IFP applications, except Eugene Ross' (the lead Plaintiff in this case), [##25, 27, 29, 31, 33, 34, 35, 37, 39, 43, 45] are stricken. All Plaintiffs, except Ross, are dismissed. If they want to proceed with their claims, each should submit his own complaint that names only himself as Plaintiff, that states only allegations relating to himself with respect to both the alleged conditions and resulting injuries. Each complaint should not include the case number of this case in its caption, and should be filed as a new complaint. The complaint may reference this case in its allegations and the cases ultimately may be consolidated for discovery or other purposes.

The instant case may proceed with Eugene Ross. Ross is given leave to submit an amended complaint in this case, which is due within 30 days of the date of this order. His amended complaint should list only himself as Plaintiff and should assert allegations that relate to only him. His failure to comply will result in this case being dismissed.

The Court grants Ross' IFP application. He is assessed an initial partial filing fee of $14.80, which the trust fund officer at Stateville shall deduct from Ross' trust fund account and forward to the Clerk of Court as his initial partial payment of the filing fee. After the initial partial payment, the trust fund officer is directed to collect monthly payments from Ross' account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid (because this suit was initiated before May 1, 2013, the filing fee is $350; for complaints filed after May 1, 2013, the filing fee is $400). All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, Illinois 60604, Cashier's Desk, 20th Floor, and shall clearly identify Eugene Ross' name and the number of this case (13 C 1069). Ross shall remain responsible for the filing fee, and Stateville Correctional Center officials shall notify transferee authorities of any outstanding balance in the event he is transferred.