# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENE ROSS (K-73977), | ) |
| Plaintiff, | ) |
| | ) Case No. 13 C 1069 |
| v. | ) |
| | ) Judge Thomas M. Durkin |
| MARCUS HARDY, et al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Eugene Ross ("Plaintiff"), an Illinois prisoner confined at the Stateville Correctional Center, filed this 42 U.S.C. § 1983 action about the conditions of his confinement and inadequate medical care at the prison. Named as Defendants are: Stateville former wardens Marcus Hardy and Michael Lemke, Illinois Department of Corrections Executive Director Salvador Godinez, and Wexford Health Sources ("Wexford"), a Pennsylvania company that contracts with the state of Illinois to provide medical services to its prisoners. Currently pending before the Court is Wexford's motion for summary judgment, in which it contends that Plaintiff failed to exhaust administrative remedies for his claims against Wexford–that Wexford deliberately understaffs the prison's medical department for cost cutting reasons, resulting in too few medical persons for the number of inmates and thus inadequate medical care. For the following reasons, the Court grants Wexford's motion and dismisses it as a Defendant. The dismissal is without prejudice. Plaintiff may resubmit his claims, if and when he exhausts administrative remedies.

## SUMMARY JUDGMENT STANDARD

**Rule 56 of the Federal Rules of Civil Procedure:**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether factual issues exist, a court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). A court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of [material] fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

Rule 56(a), however, "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. If the moving party meets its burden of showing that there are no issues of material fact and that it is entitled to a judgment as a mater of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010) (citation omitted); *see also Carrroll v. Merrill Lynch*, 698 F.3d 561, 564-65 (7th Cir. 2012) (a nonmovant cannot rely upon "some metaphysical doubt" about validity of evidence, and "inferences supported by only speculation or conjecture do not create a genuine issues of fact") (citation omitted).

**Rule 56.1 of the Local Rules of the Northern District of Illinois:**

When addressing a summary judgment motion, this Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000).

Because Plaintiff is proceeding *pro se*, Defendant served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. (R. 86.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to the undisputed facts stated in movant's Local Rule 56.1 Statement. (*Id.*) A litigant's failure to respond to a statement of fact in a Local Rule 56.1 Statement results in the statement being considered admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

Although *pro se* plaintiffs are entitled to more lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *see also Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though [the plaintiff] is a pro se litigant") (citations omitted); *Barrow v. Herniaz*, No. 09 C 2347, 2010 WL 3307073, *2 (N.D. Ill. Aug. 19, 2010) (Kendall, J.).

In the present case, Defendant filed a Rule 56.1 Statement, (R. 83.), and forwarded a Rule 56.2 Notice to Plaintiff. (R. 86.) Plaintiff filed a response to the summary judgment motion (he titled his pleading as an "Answer") and a memorandum in support of his response, (R. 87, 88); however, he did not respond to Defendant's Rule 56.1 statements of fact. Several of the statements in Plaintiff's Answer cite to the record and, liberally construed, this pleading could be considered Plaintiff's Rule 56.1 response. (R. 87.) However, Plaintiff's Answer does not specifically address the statements in Wexford's Rule 56.1 Statement. *See* Local Rule 56.1(b)(3)(B) (an opposing party's response to a Rule 56.1 statement must include "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon"). Accordingly, the Court will consider Defendant's Rule 56.1 statements, to the extent they are supported by the record, admitted. *See* N.D. Ill. L.R. 56. 1 (b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also Raymond*, 442 F.3d

at 608. The Court notes that, even if it considered Plaintiff's Answer as a proper response in accordance with Rule 56.1(b)(3)(B), the record still establishes that Plaintiff did not exhaust his claim against Wexford and that it is thus entitled to summary judgment.

**FACTS**

Plaintiff is an Illinois prisoner confined at Stateville Correctional Center. (R. 83, Def. SOF ¶ 1.) Plaintiff's second amended complaint alleges that he has endured unconstitutional conditions of confinement at Stateville. The majority of his allegations concern living conditions (overcrowded units and cells; unclean cells; inadequate access to cleaning supplies; and exposure to a pest infestation, mold, peeling paint, clogged vents, and contaminated water that smells foul and made him sick). (R. 56, Sec. Amended Compl. at 4-13.) One claim alleges that he has received inadequate medical care while at Stateville. Specifically, that there are inordinate delays with seeing a medical person after submitting a request for medical attention, which he attributes to Wexford deliberately understaffing medical personnel at the prison. (R. 83, Def. SOF ¶¶ 2-3; *see also* R. 56, Sec. Amended Compl. at 5, 12-13). The Illinois Department of Corrections has a grievance process, wherein, after submitting a grievance to a grievance officer and then the prison's warden, an inmate may appeal the warden's decision to the Illinois Administrative Review Board ("ARB"). (R. 83, Def. SOF ¶¶ 4-5) Although Plaintiff filed several grievances, no grievances submitted to the ARB concerned inadequate medical services at Stateville. (*Id.* at ¶ 6.) Plaintiff states that an emergency grievance initially submitted to and denied by Warden Hardy, was then appealed to the ARB. (R. 87 at 2-3.) While that grievance addressed living conditions at Stateville, (*see* R. 83-3 at 19-25, Plaintiff's 8/23/12 grievance), the grievance does not address allegedly inadequate medical services at Stateville. (*Id.*)

**DISCUSSION**

The Prisoner Litigation Reform Act requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), *quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Proper use of a prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Woodford v. Ngo*, 548 U.S. at 90. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance," and such an opportunity exists only if "the grievant complies with the system's critical procedural rules." *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011).

The Illinois Department of Corrections ("IDOC") has a three-step grievance procedure for non-emergency grievances. *See* 20 Ill. Admin. Code § 504.810, et. seq.; *see also Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). If a prisoner has a complaint, he should first attempt to resolve the issue with his counselor. *See* § 504.810. If the counselor provides no relief, the prisoner can then file a written grievance. A written grievance must be filed within 60 days of the date the inmate discovers the incident, occurrence, or problem giving rise to the grievance, unless the inmate demonstrates good cause why the grievance could not be submitted timely. *Id.* The grievance should provide "the name of each person who is the subject of or who is otherwise involved in the complaint" or, when the name of the individual is not known "as much descriptive information about the individual as possible." *Id.* The grievance is reviewed by a grievance officer. §§ 504.810, 504.820, and 504.830. The grievance officer reports his or her findings to the Chief Administrative Officer ("CAO") of the facility (i.e., the warden). § 504.830. The CAO makes a decision on the grievance within two months after the grievance is filed. *Id.* If the inmate seeks his issue to be addressed as an emergency, he may submit an emergency grievance directly to the CAO who, if he determines the grievance is an emergency, expedites the grievance process. § 504.830. If the inmate is unsatisfied with the CAO's decision either to a grievance or an emergency grievance, the inmate may then appeal within 30 days to the Director

of the Department, who reviews the grievance and reports to the grievance officer and CAO whether a hearing should be conducted before the Administrative Review Board. § 504.50.

The record before the Court shows that Plaintiff filed several grievances: one about not receiving a Halal diet; another about the loss of property during one or more cell shakedowns; another about a policy that prohibited Plaintiff from holding a family member during visitation, and an emergency grievance about the living conditions that are the subject of this case (the prison is overcrowded; cells are dirty and inadequate cleaning supplies are provided; and inmates are exposure to pest infestation, lead paint, mold, radium contaminated and foul smelling water, and bright lights 24 hours a day). (R. 83-3.) However, none of the grievances concern inadequate medical services. Plaintiff does not dispute that the grievance records submitted by Wexford show all the grievances submitted to the ARB. Plaintiff simply states that he followed grievance procedures when he appealed the warden's denial of an emergency grievance to the ARB. The only emergency grievance in the record is the one described above that concerns living conditions, but which does not address inadequate medical services or understaffed medical units at the prison. (*See* R. 83-3 at 19-25). The summary judgment record thus demonstrates that Plaintiff submitted no grievances about his claim of inadequate medical care by Wexford. He has thus deprived prison officials "a fair opportunity to consider" this claim. *Pavey*, 663 F.3d at 905-06. This claim is therefore dismissed. The dismissal is without prejudice to Plaintiff refiling this claim if he is now able to exhaust administrative remedies.

With respect to the claims about Stateville's living conditions, which may proceed against former wardens Hardy and Lemke and Illinois Department of Corrections Director Godinez, a class has been certified for these claims. *Dobbey v. Weilding*, No. 13 C 1068 (N.D. Ill.) (Dow, J.) (Order of 1/23/14) (class certified for "all individuals incarcerated at the Stateville Correctional Center [except the Northern Reception Center] at any time since January 1, 2011, and all individuals who will be housed at the Stateville Correctional Center in the future" who allegedly endured the same conditions as Plaintiff. Plaintiff is clearly a member of the *Dobbey* class and, he may simply proceed as a member

of the class, as opposed to litigating his own case, wherein he may not be represented by counsel and may have to finance his own discovery costs. However, if he chooses to proceed with a case separate from the class action suit, he must first opt out of the class before this case can proceed. *Crowder v. Lash*, 687 F.2d 996, 1008 (7th Cir. 1982) (a plaintiff who is a member of a class action suit cannot proceed with his claim in a suit separate from the class unless and until he opts out of the class). Plaintiff may contact the class representative Loevy & Loevy, 312 North May Street, Suite 100, Chicago, IL 60607, (312) 243-5900, to obtain either an opt out form or information as to how to opt out.

## CONCLUSION

For the reasons stated above, the Court grants Defendant Wexford's motion for summary judgment (R. 22), and dismisses Wexford as a Defendant. The dismissal is without prejudice, and Plaintiff may refile his claim against Wexford if and when he exhausts administrative remedies for the claims. This case is stayed while Plaintiff is a member of the class in *Dobbey v. Weilding*, No. 13 C 1068 (N.D. Ill.) (Dow, J.) (Order of 1/23/14 certified a class for all inmates incarcerated at Stateville after 1/1/11 who endured the same conditions alleged by Plaintiff). A status hearing is set for June 17, 2014 at 8:45 a.m. to address whether Plaintiff will proceed as a member of the *Dobbey* class or individually with his own suit separate from the class.

ENTER: _Thomas M Durkin_

**DATE: 5/22/14**          **United States District Judge**